## No. 17,713.

DUDLEY F. TAYLOR *v.* EDNA E. PETERSON, ET AL.
(293 P. [2d] 297)

Decided February 6, 1956.   Rehearing denied February 27, 1956.

Messrs. GALLIGAN & FOLEY, for plaintiff in error.

Mr. EMORY L. O'CONNELL, for defendant in error Edna E. Peterson.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

IN the trial court plaintiff in error Taylor was one of two defendants in an action to quiet title to certain real property in Jefferson County, Colorado. Defendant in error, Edna E. Peterson, was plaintiff in said action. The action as to the other defendant, D. Barney Baird, was by the parties dismissed prior to trial of the case. We shall refer to the parties as they appeared in the trial court, or by name.

Plaintiff Peterson sought a decree quieting her title to and possession of small irregular shaped tracts of land lying between the south line of Sections 31 and 36 in Township four south, Range sixty-nine west, Jefferson County, Colorado, and the southerly right-of-way line of what is familiarly known as the Morrison Highway.

The other defendants in error (hereafter referred to as the Cyklers) were brought into the case as third-party defendants by Dudley F. Taylor. None of the third-party defendants appeared in the action and no judgment was entered against any of them.

After trial, judgment and decree was entered in favor of plaintiff Peterson, and Taylor brings the case here on writ of error. No appearance has been entered in this court for any of the other parties and the proceedings on error are confined to the controversy between Peterson and Taylor.

On January 20, 1943, Albion B. Cykler and others executed a warranty deed conveying a part of the so-called Cykler ranch in Jefferson County, Colorado, to D. Barney Baird. This deed described the land conveyed by governmental subdivisions and no mention was made of the Morrison Road, which ran thru the Cykler property. Later, and on May 14, 1943, the same grantors conveyed another part of the Cykler ranch to Arthur C. Peterson and Edna E. Peterson. This deed described the land conveyed by governmental subdivisions, and no reference was made to any road or highway. The record discloses that the Morrison road does not follow section lines and the portion of this road which is within the

boundaries of the original Cykler ranch has several curves. As above stated, the plaintiff's action was to quiet title to areas included in the Cykler-Peterson deed which lay south of the highway. Plaintiff Peterson by reason of the death of her husband, she being his sole heir, became owner of his interest in the property.

Defendant Taylor filed an answer and counterclaim in which he prayed for reformation of the Peterson and Baird deeds, the effect of which if granted would be to vest Baird with all land south of the Morrison Road, and Peterson with title to all land north of that highway.

Defendant Baird filed a pleading which was denominated "Answer, Counterclaim and Cross-Claim." In it he sought no relief by way of reformation of the Cykler deed. Because defendant Taylor had acquired all of the Baird interest in the land, the complaint as to him was dismissed and his counterclaim was dismissed at the time of the pre-trial in said action. Baird no longer appeared in the action.

Taylor in an ex parte proceeding obtained leave of court to file a third-party complaint against various members of the Cykler family, the original grantor Albion B. Cykler having departed this life. They were made third-party defendants in the action and Taylor sought reformation of the Cykler deeds.

The record in this case is voluminous, and more than 180 folios thereof are devoted to the pleadings in the case.

Rule 14, R.C.P. Colo. provides that a defendant may bring in a third-party "who is or may be liable to him for all or part of the plaintiff's claim against him." The Cykler heirs who were made third-party defendants were not parties who were liable to the defendant Taylor for any part of plaintiff's claim. The prayer for a reformation of the deeds was based on alleged mutual mistake, but no claim for damages in the event Taylor lost the land was asserted or even suggested. If the Cykler-Peterson deed had been reformed the effect

thereof would have been to deprive plaintiff Peterson of title to a part of the land called for by the Cykler-Peterson deed.

It is the contention of plaintiff in error Taylor that in the Baird and Peterson transactions it was the intention of the parties that Baird should acquire title to all of the Cykler land south of the Morrision road, and that the Petersons should acquire title to all of the Cykler land north of the Morrison road. It was with this in mind that plaintiff in error Taylor framed the issues on his behalf. When the case was tried Baird was no longer a party to the action. If Taylor had any title it was thru Baird. He was in no position to demand a reformation of the Peterson deed, for he was not even a remote grantee under that instrument. Taylor was in no way connected with the Peterson chain of title from the common grantor. Relief on account of mutual mistake is generally limited to the parties to the transaction or agreement sought to be reformed. Neither Baird, thru whom Taylor claimed, nor Taylor could reform the Peterson deed, for they were not parties thereto; they claimed nothing thereunder and were not in privity either to the Cykler estate or the original contract which culminated in the execution and delivery of the Peterson conveyance. Courts will not interpose on behalf of persons who are neither parties to the instrument sought to be reformed nor claiming any rights or privity thereunder. The trial court found, and the record supports the finding, that there was not sufficient evidence of mutual mistake as to the description in the Baird or Peterson deeds.

The evidence in the record is sketchy, and lacks the character of specific, accurate and creditable evidence essential to sustain mutual mistake. There is nothing in this record to indicate that the Petersons were put on notice of a claim that the boundary between the Baird and Peterson tracts should be a curving line designated by the Morrison road instead of the straight lines

of a governmental survey. Prior to the execution of the Baird and Peterson deeds the Cyklers had tenants on some of the property. The record shows that in the spring of 1950 Taylor approached the plaintiff Peterson in an attempt to buy the land now involved in this case. He then knew that it was included in the Peterson deed and not embraced in the Baird deed. Taylor's answer and counterclaim was filed in July, 1953. His third-party complaint was filed in August, 1953. If error or mistake existed it was well-known to Taylor in the early months of 1950.

The fact that Baird or Taylor may have occupied the disputed tracts by farming them was not notice to the Petersons that a mistake or error appeared in the deed from the Cyklers to Baird or in the deed to the Petersons. The trial court found "that the evidence offered by defendant Dudley F. Taylor is wholly insufficient to justify any of the relief asked by the answer of said Dudley F. Taylor or his counterclaim; that under the evidence adduced upon the trial of this case there is no substantal evidence of a mistake of either law or fact which would justify reformation of any of the deeds referred to in the complaint, answer or third-party complaint. * * * That the evidence adduced with respect to possession of the disputed premises at the time of the execution of the warranty deed [from Cyklers to the Petersons] is vague, indefinite and uncertain. That the defendant Dudley F. Taylor had notice of the alleged mistake claimed by him in the various deeds referred to in the answer and third-party complaint in March or early April of the year 1950, shortly after his execution of a contract for the purchase of the land adjacent to the said disputed premises and at a time when his contract with the former defendant D. Barney Baird was wholly executory."

The evidence adduced on the trial was wholly insufficient to sustain any claim of adverse possession on the part of Taylor. He or his predecessors in title paid no

taxes on these disputed tracts at any time. The trial court correctly ruled on this issue.

Having determined that Taylor was in no position to demand a reformation of the Peterson deed, and that the trial court's findings of law and fact are supported by competent evidence, we do not pass on the claim asserted by plaintiff Peterson that the statute of limitations, (C.R.S. '53, 87-1-9) is determinative of this controversy. The trial court saw and heard the witnesses and made his findings in this case. These findings being supported by competent evidence all presumptions are in favor of the trial court's findings and judgment.

Perceiving no prejudicial error in the record, the judgment is affirmed.